DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Gerard Cruz, appeals the judgment of the Lorain County Court of Common Pleas, Juvenile Division. This Court affirms.
 I. {¶ 2} On June 20, 2005, Appellee, Bobbi Kerr, requested an administrative review of Cruz's child support obligation for their minor child through the Lorain County Child Support Enforcement Agency ("CSEA"). On August 22, 2005, CSEA mailed its proposed findings to the parties, which indicated a significant increase in Cruz's child support obligation. Cruz timely appeared at CSEA to object to the increased amount of his child support and to indicate that he had retained counsel to pursue his objections by filing with the court.
 {¶ 3} On November 11, 2005, after counsel for Cruz informed CSEA that Cruz intended to file a motion with the court, CSEA suspended its modification process. It is not clear from the record whether CSEA sought or obtained a copy of the motion to verify what type of *Page 2 
motion Cruz had actually filed. On November 29, 2005, Cruz filed a motion for shared parenting with the Juvenile court. The proposed shared parenting plan stated, "There shall be payment of child support from the Father to the Mother pursuant to the Judgment Entry." This motion contained no specific request to modify the existing child support order. It is not clear from this provision what Cruz intended to happen with the child support order were the court to grant his motion.
 {¶ 4} On September 12, 2007, Kerr filed a motion to join CSEA as a party and to reinstate the administrative modification retroactively on the grounds that it never should have been suspended as Cruz's motion did not request a modification of his child support order. By entry filed on October 30, 2007, CSEA acknowledged that the administrative modification and Cruz's relevant objections remained pending. On November 9, 2007, Cruz's objections to the administrative findings were heard. Cruz moved to dismiss the administrative proceeding for the reason that his motion for shared parenting invoked the jurisdiction of the trial court. A magistrate denied Cruz's motion to dismiss the administrative proceedings and then adopted CSEA's recommendations regarding modification of the child support order, retroactive to September 1, 2005, the first day of the month following 60 days after the process had begun. On November 21, 2007, Cruz filed a timely objection to the magistrate's decision.
 {¶ 5} Meanwhile, the parties resolved the shared parenting issue by agreement on November 26, 2007. The issue of Cruz's objections to the Magistrate's decision remained unresolved. On June 5, 2008, after several continuances, a hearing was held before the trial court on the objections Cruz raised regarding the magistrate's decision. The trial court issued its judgment entry on June 9, 2008. The court affirmed the magistrate's decision, adopted CSEA's recommendations and modified Cruz's child support obligations accordingly. Cruz was ordered *Page 3 
to pay child support to Kerr in the amount of $655.71 per month plus processing fees by wage assignment through CSEA effective September 1, 2005. It was further ordered that Cruz pay $50.00 per month plus processing fees by wage assignment through CSEA on arrears. Both parties were ordered to carry health insurance to cover the minor child.
 {¶ 6} Cruz has raised three assignments of error. The Court will consolidate the assignments of error to facilitate review.
 II. ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT CONCLUDED THAT APPELLANT'S MOTION FOR SHARED PARENTING DID NOT CONSTITUTE A MOTION TO MODIFY CHILD SUPPORT."
 ASSIGNMENT OF ERROR II "THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT CONCLUDED THAT AN ORDER OF CHILD SUPPORT RESULTING FROM A MOTION FOR SHARED PARENTING COULD ONLY BE PROSPECTIVE IN NATURE AND NOT RETROACTIVE TO THE DATE OF THE MOTION FILING."
 ASSIGNMENT OF ERROR III "THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT CONCLUDED THE CHILD SUPPORT ENFORCEMENT AGENCY PREMATURELY SUSPENDED ITS ADMINISTRATIVE REVIEW PROCESS UPON APPELLANT'S FILING OF A MOTION FOR SHARED PARENTING."
 {¶ 7} In reviewing an appeal from the trial court's order adopting the magistrate's decision, this Court must determine whether the trial court abused its discretion in adopting the decision. Bobel Elec, Inc. v.Friedman, 9th Dist. No. 03CA008217, 2003-Ohio-4520, at ¶ 7. "Any claim of trial court error must be based on the actions of the trial court, not on the magistrate's findings or proposed decision." Mealey v.Mealey (May 8, 1996), 9th Dist. No. 95CA0093. An abuse of discretion is more than an error of judgment; it means that the trial *Page 4 
court was unreasonable, arbitrary, or unconscionable in its ruling.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Id.
 {¶ 8} Cruz contends his motion for shared parenting filed with the trial court jurisdictionally superseded the administrative child support review. The version of O.A.C. 5101:12-60-05.1(G) cited by the trial court provides that:
 The CSEA is not required to administratively review or adjust a support order if either party elects to proceed through court either through self-representation or through private counsel or an action has been filed with the court by either party that may have an impact on the administrative review. However, if a party has elected to proceed through the court and the court subsequently dismisses the action, the CSEA may choose to administratively review the support order based on the applicable administrative review and adjustment rules. The CSEA should obtain a copy of the motion filed with the court when it becomes aware that such an action has been filed.
 {¶ 9} CSEA suspended its proceedings only after counsel for Cruz indicated that a filing with the trial court was forthcoming. Cruz proceeded to file a motion for shared parenting with the trial court. Cruz did not make any specific request to modify child support when he filed his motion for shared parenting. The proposed shared parenting plan simply stated, "There shall be payment of child support from the Father to the Mother pursuant to the Judgment Entry." When CSEA became aware that the motion Cruz had filed did not request a modification to his child support order, CSEA reinstated the administrative proceedings retroactively.
 {¶ 10} A trial court ruling on the shared parenting motion would have trigged a review of any existing child support arrangement. Pursuant to R.C. 3119.24(A)(1), "[a] court that issues a *Page 5 
shared parenting order * * * shall order an amount of child support to be paid * * *." Because the parties resolved the issue of shared parenting through an agreement, the trial court never ruled on the shared parenting motion. Due to the fact that the trial court did not rule on the motion for shared parenting, the trial court never had an obligation to modify the existing child support order. Had the trial court ruled on the motion for shared parenting after the adoption of the CSEA child support modification, the trial court could have simply reviewed the new child support arrangement in light of its ruling on the shared parenting motion. However, no such review was necessary in this case because the shared parenting issue was settled.
 {¶ 11} Cruz also contends that his filing of a motion for shared parenting impacted whether the child support modification could be made effective retroactively. Pursuant to R.C. 3119.71(A), when a child support order is reviewed under the administrative process, the modified amount "shall relate back to the first day of the month following the date certain on which the review of the court child support order began pursuant to division (A) of section 3119.60 of the Revised Code." Furthermore, R.C. 3119.60(A) provides that when a child support enforcement agency reviews a child support order on the request of either party, it shall "[establish a date certain on which the review will formally begin[.]" In the instant case, Cruz's motion for shared parenting did not impact that administrative review process. CSEA prematurely suspended its administrative review process and, by journal entry issued on October 30, 2007, acknowledged that the modification of child support was still pending. According to the record, the Lorain County CSEA has a practice of setting the date certain at forty-five days after the request for modification is made. Kerr initially requested the review on June 20, 2005. For the purposes of establishing a date certain, CSEA's formal review began on August 4, 2005. *Page 6 
It follows that September 1, 2005, is the first date of the month following that date and is properly the effective day of the order.
 {¶ 12} For the reasons set forth above, the trial court did not abuse its discretion when it overruled Cruz's objections, affirmed the magistrate's decision and adopted CSEA's recommendations for the modification of child support. Cruz's assignments of error are overruled.
 III. {¶ 13} Cruz's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas, Juvenile Division is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30. *Page 7 
Costs taxed to Appellant.
WHITMORE, J. MOORE, P. J. CONCUR